**54**

Kent ELLIS, a Minor, by His Father and Next Friend, J. F. Ellis, Plaintiff-Appellant,

v.

H. S. FINKE, INC., Buck Equipment Corporation, Finke and Williams, Inc., H. S. Finke and James E. Williams, d/b/a Finke and Williams, Inc., Defendants-Appellees.

No. 14015.

United States Court of Appeals
Sixth Circuit.

May 16, 1960.

Charles G. Black, Memphis, Tenn., for appellant (Charles G. Black, Samuel Strong Pharr, Memphis, Tenn., on the brief).

John R. Gilliland and Edward W. Kuhn, Memphis, Tenn., for appellees (Frank M. Gilliland, Jr., of Montedonico, Boone, Gilliland, Heiskell & Loch, Memphis, Tenn., on the brief for Finke & Williams, Inc.; Henry T. V. Miller, McDonald, Kuhn, McDonald & Crenshaw, Memphis, Tenn., on the brief for Buck Equipment Corp.).

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

CECIL, Circuit Judge.

This is an appeal from the District Court for the Western District of Tennessee. Judge Martin, sitting in the District Court by designation, directed the jury to return a verdict in favor of the defendants-appellees.

Kent Ellis, a minor, brought the action by his father and next friend against H. S. Finke, Inc., Finke and Williams, Inc., H. S. Finke and James E. Williams, d/b/a Finke and Williams, Inc. and Buck Equipment Corporation.

Counsel for plaintiff being uncertain as to the proper designation of the Finke organization named the defendants as above indicated. Finke and Williams, Inc. answered, admitted that it was incorporated in the state of Tennessee and disclaimed any of the other names.

The plaintiff was seriously injured when the platform of a portable material hoist, upon which he was riding with a wheelbarrow load of material, fell about forty feet to the ground. He was employed by Ben J. Malone Company, which company had a subcontract to do the roofing work on the construction of a new women's dormitory for the Martin Branch of the University of Tennessee.

Forcum-Lannem Company was the general contractor and the owner of the hoist which was being operated by its employee at the time of the accident. Finke and Williams, Inc., was a dealer for Buck Equipment Corporation, the

manufacturer of the hoist, and had sold it to Forcum-Lannem Company in May, 1956. The hoist had been in continuous use by Forcum-Lannem until the date of the accident, April 2, 1957.

The machine in question was a material hoist designed for use in construction work and was not intended to be either a passenger or freight elevator. There was a plate attached to it containing the words "No riders allowed". Since it was not an elevator there were no legal requirements as to its type of construction, material, brakes or safety devices.

Prior to July 1956, Buck Equipment Corporation had developed a new safety device for its hoist and all machines sold after July were equipped with this new device. In July, 1956 Buck Equipment Corporation sent three of these new safety devices to Finke and requested that it install them on three machines sold by it, including the one involved in this accident. Although Finke installed two of these devices it never installed the one on the Forcum-Lannem machine. The safety device for this hoist remained in the Finke warehouse until a few days after the accident, when it was installed.

At the time the platform fell, the machine was being operated by E. E. Chambers, a carpenter foreman and not the regular operator. The plaintiff-appellant testified that the platform came to a stop, then raised a little and then fell. Chambers testified that after the fall, the end of the cable, which should have been attached to the drum, was loose and detached therefrom. After the accident, the regular operator put a new cable on the hoist and it continued to operate without any mishaps until the completion of the job.

The charges of negligence against the Finke company are: that it knew or should have known that the machine was defective, negligently constructed and inherently dangerous; that it failed to make reasonable inspection before sale; that it failed to install the new safety device; that it failed to notify Forcum-Lannem Company of the dangerous and defective condition of the machine and that it failed to deliver to said company the new safety device.

It is charged that the Buck Corporation was negligent in the manufacture and construction of the machine and that it was not up to the standard required of such a machine; that it failed to follow up its instructions to its dealer for the installation of the new safety device; that it failed to notify the Forcum-Lannem Company of the defective condition of the machine and that it failed to ship the new safety device to said company.

The Buck Corporation is also charged with a breach of implied warranty.

It is to be noted that throughout the complaint the machine is referred to as an elevator. This is a misnomer. It is a mechanical, portable, material lift or hoist. It was not designed as an elevator, either passenger or freight.

The essence of the charges is that the machine was defectively manufactured and as such was a dangerous instrumentality. The basis of this claim is that subsequent to the manufacture and sale of the machine an improved safety device was perfected and that without this the machine was defective.

The question before us is what if any negligence has the appellant shown against either the manufacturer or the distributor that would amount to a breach of duty toward the plaintiff. As Judge Martin indicated all other things were academic under Tennessee law.

In directing a verdict, Judge Martin ruled that the evidence failed to show any negligent or defective construction of the machine or the original safety device with which it was equipped. An examination of the record amply supports this conclusion.

The trial judge said, in his statement to the jury, "But if it had been shown here that safety device would have prevented the fall of this elevator, why I would have submitted that case to you, and I believe you would have found for the plaintiff." We agree that the evidence does not disclose any causal connec-

tion between the falling of the platform and the failure to install the new safety device.

For the reason that the evidence fails to show any negligence against either of the defendants which proximately caused or contributed to the cause of the appellant's injuries, the judgment of the District Court will be affirmed.